## ANDREW SHEFFIELD v. THE STATE.

1. CONTINUANCE.—A substantial compliance with the statute in the use of diligence to obtain the testimony of witnesses to testify that the accused was under seventeen years of age when the killing was done for which the accused is charged, entitles defendant to a continuance on his affidavit stating such facts.

2. FLIGHT—FABRICATION OF EVIDENCE.—These both are circumstances to be submitted to the jury and with other facts to be considered. It is error to instruct the jury that they are evidence of guilt.

APPEAL from McLennan. Tried below before the Hon. N. W. Battle, Judge of the Criminal District Court of the cities of Waco and Marlin.

Sheffield was indicted, tried, and convicted of the murder of an Irish peddler, Pat. Quin, in Falls county.

His application for continuance was overruled. The evidence was voluminous and entirely circumstantial. He fled the country immediately after the murder, and his testimony was of such character that the court gave the following charge to the jury, viz:

" It is for the jury to determine from the evidence whether or not the defendant fled from the country after Quin was killed, or whether or not he introduced fabricated testimony or a falsehood in this trial."

" The flight, if there is proof of flight, is to be regarded

as a presumption of his guilt, and the introduction of fabricated testimony or a falsehood into the defense, if any was introduced, is also a presumption against him; this presumption is heightened if the falsehood is supported by a witness or witnesses conscious of it or knowing it to be false, of which it is the exclusive province of the jury to judge."

The defendant appealed. It is not necessary to understand the points decided by the court that the facts be given further than as contained in the opinion.

*Reagan, Herring, Anderson & Scott*, for defendant, filed a written argument.

*Herring, Anderson, & Scott* filed supplemental brief of authorities.

I. Court erred in .overruling motion for continuance because affidavit was in compliance with statute and evidence material. (Paschal's Dig., art. 2987; Cooper *v.* State, 19 Tex., 449.)

II. Presumption of guilt from flight. (Burrill on Cir. Ev., 473.)

III. " Circumstances cannot lie." (State Trials, (English, by Howell,) vol. 17, p. 1416–1430; Roscoe, pp. 15, (marginal, 16,) 16; Pothier on Obligations, vol. 1, 563; 2 Russell on Crimes, note on p. 726; 3 vol. Benthan's Ju. Ev., 249, 250.)

IV. Fabrication of Evidence. (1 vol. (Waterman's Ed.,) Arch. Cr. Prac., 432; State *v.* Williams, 27 Verm., 726.)

V. Manslaughter should have been charged. (Cole *v.* State, 40 Tex., 150.)

*A. J. Peeler, Assistant Attorney General*, for the State.

REEVES, ASSOCIATE JUSTICE.—The questions in this case, so far as it is deemed necessary to examine them, relate to the ruling of the court upon the defendant's motion for a

continuance of the case and to the charge of the court to the jury.

The defendant asked for a continuance of the case for the want of the testimony of Thomas Atwood and George Atwood, residing in Vanzandt county, and of Isaac Miller, residing in Milam county. The application was overruled for some reason not shown in the record. The witness, Miller, having appeared and testified on the trial, the defendant was not injured by the ruling of the court as to him. It appears that attachments for Thomas and George Atwood were issued by the clerk on the 13th day of August and sent to the sheriff of Vanzandt county, returnable to the first day of the ensuing term of the court. This was the 7th day of September. The attachment was not executed on George Atwood and not returned as to Thomas Atwood. It does not appear on what day of the term the attachment against George Atwood was returned; if done as early as the first day of the term there remained but eleven days before the motion was overruled; if that was done on the same day the application was sworn to, the bill of exception to the ruling of the court was filed on September 26th, but this was after the trial, as the motion for new trial is marked filed September 25th. There is some uncertainty as to the day on which the trial took place; whether it was on the 18th or a few days later, we think the application is sufficient on the question of diligence.

The defendant proposed to prove by these witnesses that he was not seventeen years of age at the date of the commission of the offense charged against him in the indictment, stating as a fact which he expected to prove by them that his father and mother lived at the time of his birth on the land of Thomas Atwood, in Cass county, Georgia, and where the Atwoods also resided at the same time. The further fact is stated, as being within the knowledge of these witnesses, that the defendant was born late in the

fall of 1857, stating circumstances tending to show that they were not likely to be mistaken as to the time the attachments were issued on the day he received the information.   It was material to the defendant to show on the trial that he was not seventeen years of age at the time the offense was committed, 26th of January, 1874.   Under that age he could not be punished with death if convicted of the charge for which he was indicted.   The trial, resulting in a verdict of guilty of murder in the first degree, and inflicting capital punishment as the penalty, disclosed the importance of the testimony, if it were not so regarded when the application for continuance was made.   The evidence as to his age was conflicting.   The issue was one of life or death to the defendant.   His father and mother testified on the trial that he was under seventeen years of age at the date of the killing of the deceased.   Other witnesses thought he was older, and testified to circumstances, as narrated in their evidence, conducing to show that he was over that age.

The application complied substantially with the requirements of the statute, and the continuance should have been granted.

The charge of the court, though correct in the main, is objectionable as a charge upon the weight of evidence and upon the presumption of guilt arising from flight and from fabricated evidence.   Had this been the only ground of complaint the charge might perhaps be regarded as immaterial in this respect, in view of the evidence, but as the case will have to be reversed, mainly on the other ground, it is deemed proper to notice this objection also.

It was a maxim of the ancient common law that flight from justice was equivalent to guilt.   This effect is not now given to flight in the modern law of evidence.   Numerous examples are to be found to which some other motive can be assigned than that of guilt, and which form exceptions to the general rule, and require consideration

by the jury in coming to a conclusion as to the real motive for flight. "It seems now," says Best on Pres., quoted by Burrill, "nearly reduced to its true place in the administration of the criminal law, namely, that of a circumstance, a fact which it is always of importance to take into consideration, and, combined with others, may afford strong evidence of guilt, but which, like every other piece of presumptive evidence, it is equally absurd and dangerous to invest with infallibility." (Burrill on Cir. Ev., 472, 473; 1 Whart. Am. Cr. Law, 714.)

So the introduction of fabricated evidence is a circumstance of guilt, subject to such explanation as may be afforded by the age of the party, his habits and conduct as influenced by others. (1 Arch. Cr. Prac. and Plead., with Waterman's Notes, 432, and authorities referred to.)

The weight to be given to presumptions as being violent, probable, or light, must be left to the jury uninfluenced by the charge. (Paschal's Dig., art. 3059.)

Judgment reversed and case remanded.

REVERSED AND REMANDED.